# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| RICHARD A. JILES, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV417-043 |
| | ) | CR415-194 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

As explained in *Jiles v. United States*, ___ F. Supp. 3d ___, 2017 WL 942117 at * 2 (S.D. Ga. Mar. 10, 2017), Richard A. Jiles moves for 28 U.S.C. § 2255 relief. CR415-104, doc. 32. He alleges that his appointed counsel, Charles V. Loncon, provided him with ineffective assistance when he missed some issues at sentencing, *id.* at 9-16, then failed to abide Jiles' request to appeal his 18 U.S.C. § 922(g)(1) conviction.[1] *Id.* at 9 (claiming IAC because Loncon "failed to pursue an appeal upon his request for his lawyer to do so. . . .").

---

[1] The Eleventh Circuit explained that

> [i]n *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court established a two-prong test for deciding whether a defendant has received ineffective assistance of counsel. The defendant must show (1) that counsel's performance failed to meet "an objective standard of reasonableness," *id.* at 688, 104 S.Ct. at 2064; and (2) that the defendant's

After directing additional submissions aimed at sharpening the factual issues, *Jiles v. United States*, 2017 WL 1536488 (S.D. Ga. Apr. 2, 2017); *Jiles v. United States*, 2017 WL 2265192 (S.D. Ga. May 24, 2017), the Government (with Loncon's tacit concurrence) stipulated, at the June 7, 2017 hearing, that Loncon provided ineffective assistance by counseling Jiles against taking an appeal based on a *nonexistent* appeal waiver. *Compare* doc. 38-1 at 4 ¶14 (Loncon's Declaration that he counseled against an appeal based on his mistaken belief that the Plea Agreement contained an appeal waiver), *with* doc. 19 (Plea Agreement containing no such waiver). Hence, the Government concedes the

---

rights were prejudiced as a result of the attorney's substandard performance. *Id*. at 693, 104 S.Ct. at 2067. In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Court applied the *Strickland* test to a claim involving an attorney's failure to file an appeal for a client.

*Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005).

Ignoring an appeal request is *per se* ineffective. *Roe*, 528 U.S. at 483-86; *Gaston v. United States*, 237 F. App'x 495, 495 (11th Cir. 2007). Even absent a request, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480; *Green v. United States*, 2013 WL 5347355 at * 4-5 (S.D. Ga. Sept. 23, 2013).

new-appeal relief Jiles seeks, obviating the need to resolve the "Notice" issue.[2]

---

[2] To assist attorneys in upholding their *Roe* duty, this Court routinely distributes a "NOTICE OF COUNSEL'S POST-CONVICTION OBLIGATIONS" form. It compels counsel and client to "*Roe*-confer," then witness each other's signatures under the defendant's appeal choice. The Notice also directs attorneys to file it in the record.

In an earlier Order, the Court directed Loncon to explain why no such Notice is in the record, especially since the Court had distributed a blank Notice to him upon his initial appearance, doc. 12. Doc. 37. In that regard, the Court has since learned (in the recently filed March 16, 2016, sentencing transcript), that right after Jiles was sentenced, Loncon confirmed to the district judge his "Notice duty":

> [THE COURT]: Mr. Loncon, you've been furnished with a notice of your postconviction obligations --
>
> MR. LONCON: Yes, ma'am.
>
> THE COURT: -- to your client. And if you'll sign that and have Mr. Jiles sign it and file it on the record in this court.
>
> MR. LONCON: We will, Your Honor.

Doc. 48 at 13.

In response to the undersigned's direction in this § 2255 proceeding, Loncon declared -- under penalty of perjury -- that "I had printed the Notice of Counsel Post-Conviction Obligations and brought it to Court for sentencing. My recollection of the events is simply that I reviewed the waiver with Mr. Jiles following sentencing, obtain[ed] his signature, and handed that form to the courtroom clerk." Doc. 38-1 at 4 ¶ 15. Jiles has counter-declared, however, that he "never signed any documentation stating that I voluntarily waived my rights to a first appeal nor did I tell Mr. Loncon I did not want to appeal my sentence." Doc. 40 at 1. Concluding that the two accounts could not be reconciled, the Court set this matter down for an evidentiary hearing. *Jiles*, 2017 WL 2265192 at *3. Again, the Government's stipulation moots this issue, but the Court reiterates its warning to the bar that hearing costs *will* be recouped from negligent counsel. *Jiles*, 2017 WL 942117 at * 2 n. 1.

3

The Court agrees. Defendant's § 2255 motion (doc. 32) therefore should be **GRANTED** so that he may pursue an out-of-time direct appeal. Pursuant to *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000): (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his re-imposed sentence, and (4) movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Id*.

Because Jiles affirms (his § 2255 motion) that he wants to appeal, his new lawyer (Howard W. Anderson, III) shall timely file a new Notice of Appeal. *See United States v. Doyle*, ___ F.3d ___, 2017 WL 2274007 at *2 (11th Cir. May 25, 2017) (*Phillips* remedy for defense counsel's alleged ineffectiveness in failing to file direct appeal from the sentence imposed as defendant requested, is limited to district court's vacating and re-imposing the same sentence as before, so as to permit defendant to file what would otherwise be an untimely appeal); *Datts v. United States*, 2012 WL 5997803 at * 2 (S.D. Ga. Oct. 24, 2012).

Finally, since the parties agree to the result reached here, the Clerk is **DIRECTED** to immediately forward this Report and Recommendation to the district judge.

**SO REPORTED AND RECOMMENDED**, this 12th day of June, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA