# United States District Court
# Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| RICHARD JILES, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | CV417-043 |
| | ) | CR415-194 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 2:04 pm, Nov 17, 2017

## ORDER

Before the Court is Richard Jiles's motion for a Certificate of Appealability (COA) to overturn Eleventh Circuit precedent, see *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), and to hold a *de novo* sentencing post-*Pepper v. United States*, 131 S. Ct. 1229 (2011). Dkt. No. 56 at 1. At a *de novo* sentencing, Jiles would argue for the first time that his Georgia burglary conviction does not qualify as an Armed Career Criminal Act predicate, *contra United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), and that the indictment fails to allege the elements of the offense as required. Dkt. No. 56 at 2. Due to the unique nature of Jiles's out-of-time appeal (which was permitted as a result of the Court's conclusion that trial counsel was ineffective, as set forth in the Report and Recommendation, Dkt. No. 49, adopted, Dkt. No. 54), the Court is

swayed that a COA should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Jiles also seeks leave to proceed IFP on appeal, so that his Criminal Justice Act-appointed § 2255 counsel can continue to represent him in his quest to overturn *Phillips* and secure *de novo* sentencing. Dkt. No. 59 at 1 (citing Fed. R. App. Pro. 24(a)(3) (authorizing appeals IFP for parties previously "determined to be financially unable to obtain an adequate defense in a criminal case")). Because he was considered indigent and thus entitled to CJA counsel at the district court level, the Court concludes he retains that entitlement on appeal.

In sum, Jiles's unopposed motions for a COA and leave to proceed IFP on appeal of the Order granting his 28 U.S.C. § 2255 motion and ordering resentencing (dkt. nos. 56 & 59) are **GRANTED**.

**SO ORDERED**, this 17 day of November, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA